IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 15, 2006 Session

## JOSEPH FAULKNER, A/K/A JERRY FAULKNER v. STATE OF TENNESSEE

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. P-28323    James C. Beasley, Judge**

---

**No. W2004-02354-SC-R11-HC - Filed on April 27, 2007**

---

In this case, we granted permission to appeal to determine whether a prisoner serving concurrent state and federal sentences in a federal correctional institution may attack his state convictions pursuant to a petition for writ of habeas corpus filed in this state. We hold that the petitioner, who is incarcerated in a federal correctional institution serving concurrent state and federal sentences, is not barred from challenging his state convictions by a state writ of habeas corpus. Because the petitioner has failed to attach the requisite documentation in support of his claim that his sentences are illegal, however, we affirm the summary dismissal of the petition but do so on different grounds than either the trial court or the Court of Criminal Appeals.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

GARY R. WADE, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and JANICE M. HOLDER and CORNELIA A. CLARK, JJ., and D. MICHAEL SWINEY, SP. J., joined.

Ronald D. Krelstein, Germantown, Tennessee, for the appellant, Joseph Faulkner, a/k/a Jerry Faulkner.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General, and Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

Factual and Procedural Background

In June of 1998, the petitioner, Joseph Faulkner, entered into a plea agreement with the State. He pleaded guilty to three counts of aggravated robbery and one count of aggravated rape in exchange for an effective sentence of twenty-five years. The trial court ordered that the entire sentence be served in federal custody, concurrently with the petitioner's sentence on federal convictions. See Faulkner v. State, No. W1999-00223-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS

822, at * 2-3 (Tenn. Crim. App. Oct. 17, 2000). When the federal government refused to allow the petitioner to serve the state sentences in federal custody, the petitioner filed a petition for post-conviction relief asserting that his guilty pleas were neither knowingly nor voluntarily entered. The trial court denied relief but the Court of Criminal Appeals reversed, ruling that the guilty pleas were involuntary because they were entered with the belief that the federal government would honor the terms of the sentence. Id. at * 10-11.

The case was remanded, and in January of 2004, the petitioner again entered guilty pleas to three counts of aggravated robbery and one count of aggravated rape. Pursuant to a new plea agreement, the petitioner received concurrent sentences of ten years for each aggravated robbery conviction and twenty years for the aggravated rape conviction. Once again, the trial court ordered that the sentences be served concurrently with the petitioner's federal sentences and that the sentences be served in federal custody. Afterward, the petitioner was incarcerated in a federal correctional facility in Memphis.

In April of 2004, the petitioner filed this petition for writ of habeas corpus, alleging that his twenty-year sentence is illegal. The petitioner contends that because he was on parole when he committed the offenses, the governing statute requires consecutive rather than concurrent sentences and, therefore, the sentence imposed is contrary to law. Because the record does not include any documentation of the petitioner's parole status, however, his claim is not entirely clear. The trial court dismissed the petition without the appointment of counsel and without an evidentiary hearing, concluding that because the petitioner was incarcerated in a federal institution, it lacked jurisdiction to address the claim.

The Court of Criminal Appeals affirmed the ruling of the trial court, holding that "the petitioner does not enjoy the benefit of the writ of state habeas corpus because a state court cannot command compliancy by the petitioner's federal jailer." We granted permission to appeal to determine whether a prisoner incarcerated in a federal correctional institution serving concurrent state and federal sentences may properly petition for habeas corpus relief in the courts of this state.

Analysis

The determination of whether habeas corpus relief should be granted is a question of law. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our standard of review is de novo with no presumption of correctness afforded to the trial or intermediate appellate court. Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006).

Revered by British historian Thomas Babington Macaulay as "the most stringent curb . . . ever . . . imposed on tyranny," the writ of habeas corpus had its origins in the common law courts of medieval England. Archer v. State, 851 S.W.2d 157, 159 (Tenn. 1993). Its essential purpose is to subject a restraint on liberty to judicial scrutiny. Peyton v. Rowe, 391 U.S. 54, 58 (1968). The United States Constitution guarantees that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S.

Const. art. 1, § 9, cl. 2. The Judiciary Act of 1789 authorized the writ for any violation of federal statutes, treaties, or constitutional safeguards. Archer, 851 S.W.2d at 159.

Often known as the Great Writ, habeas corpus is also guaranteed by Article 1, section 15 of the Tennessee Constitution, which is almost identical to its federal counterpart: "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Tenn. Const. art. I, § 15; see also Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004). Although the writ of habeas corpus is constitutionally guaranteed, it has been regulated by statute for well over one hundred years. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968).

The statutory grounds for habeas corpus relief appear to be broad: "Any person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101 (2000). Nevertheless, the courts of this state have long held that the writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery, 432 S.W.2d at 658; State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868). Unlike the federal writ of habeas corpus, relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer, 851 S.W.2d at 164; see also Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Unlike a post-conviction petition, which might afford a means of relief for constitutional violations such as the deprivation of the effective assistance of counsel, the purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968).

Availability of the State Writ of Habeas Corpus

In this case, both the trial court and the Court of Criminal Appeals ruled that the petitioner is prohibited from seeking relief in Tennessee by petition for writ of habeas corpus because of his incarceration in a federal correctional facility. The State asserts that Tennessee Code Annotated section 29-21-102 should be read to support those rulings and argues that the statute prohibits a petitioner who is serving a state sentence in federal custody from pursuing the state writ of habeas corpus. We disagree.

The most basic principle of statutory construction is "'to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)). "Legislative intent is determined 'from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning.'" Osborn v. Marr, 127 S.W.3d 737, 740 (Tenn. 2004) (quoting State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000)). "When the statutory language is clear and unambiguous, we apply the plain language in its normal

and accepted use." Boarman v. Jaynes, 109 S.W.3d 286, 291 (Tenn. 2003) (citing State v. Nelson, 23 S.W.3d 270, 271 (Tenn. 2000)).

Tennessee Code Annotated section 29-21-102 provides as follows:

> Persons committed or detained by virtue of process issued by a court of the United States, or a judge thereof, in cases where such judges or courts have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of suits in such courts, are not entitled to the benefits of this writ.

Tenn. Code Ann. § 29-21-102 (2000). The State argues that because the petitioner is "detained by virtue of process issued by a court of the United States," the terms of the statute prohibit a petition for writ of habeas corpus in Tennessee. This contention, however, overlooks the fact that the petitioner is also detained by process issued by this state. Moreover, the phrase "committed or detained by virtue of process issued by a court of the United States" is modified by the phrase "in cases where such judges or courts have exclusive jurisdiction under the laws of the United States." The United States District Court does not have exclusive jurisdiction over the petitioner's state convictions. In consequence, it is our view that Tennessee Code Annotated section 29-21-102 does not prohibit the petitioner from seeking habeas corpus relief. Indeed, the interpretation advanced by the State would render meaningless the term "exclusive" in section 29-21-102.

The State also submits that the petitioner is prohibited from seeking state habeas corpus relief by issues of supremacy, preemption, and comity. While the facts of this case may not appear to be particularly unique, few jurisdictions have considered this issue. There are a number of cases, beginning in the pre-Civil War era, which hold that the state writ of habeas corpus is not available to those restrained as a result of federal process. See, e.g., Ableman v. Booth, 62 U.S. (21 How.) 506 (1859). However, the question of whether an individual restrained of his liberty as a result of both state and federal process may seek the writ in state court to challenge only his state convictions is one of first impression. The Court of Criminal Appeals relied upon two cases from the nineteenth century, Ableman, and In re Tarble, 80 U.S. (13 Wall.) 397 (1872), for the proposition that a state court may not inquire into the reasons for the detention of a federal prisoner. Each of these cases is, however, distinguishable.

In Ableman, the Supreme Court of Wisconsin twice issued a writ of habeas corpus demanding the release of Ableman, who was in federal custody on federal charges of aiding and abetting a fugitive slave. The United States Supreme Court ruled that the state court lacked the power to order the release of a federal prisoner, even when the custody violated the federal constitution. Ableman, 62 U.S. (21 How.) at 523-24. Citing the nature of the dual sovereignties, the Court held that when a "prisoner is within the dominion and jurisdiction of" the federal government, "neither the writ of habeas corpus, nor any other process issued under State authority, can pass over the line of division between the two sovereignties." Id. at 523. This is true so long

as the prisoner is "within the dominion and <u>exclusive</u> jurisdiction of the United States." <u>Id.</u> (emphasis added).

Later, in <u>Tarble's Case</u>, the Court followed the ruling in <u>Ableman</u> and reversed the judgment of the Wisconsin Supreme Court granting habeas corpus relief on grounds that Tarble, a minor, had enlisted in the United States Army without his father's consent. Again citing the nature of dual sovereignty, our highest court ruled that the Wisconsin courts were without authority to grant habeas corpus relief to Tarble. <u>In re Tarble</u>, 80 U.S. (13 Wall.) at 407-08. The Court reiterated that "[s]uch being the distinct and independent character of the two governments, within their respective spheres of action, it follows that neither can intrude with its judicial process into the domain of the other." <u>Id.</u> at 407.

Both <u>Ableman</u> and <u>Tarble</u> involved the use of the state writ of habeas corpus to free an individual restrained of his liberty under the <u>exclusive</u> authority of the federal government. The petitioner in this case, however, is in custody under the authority of both the state and federal governments. He is serving both state and federal sentences at the same time. While we agree that the petitioner cannot challenge either the validity of his federal convictions or his imprisonment on those crimes through the state writ of habeas corpus, it is our view that he may use the writ to inquire into his state convictions, regardless of the place of his incarceration.

This case does not involve issues of supremacy, preemption, or comity. The petitioner is not asking this state to assert control over a federal action. He seeks only to challenge the propriety of his imprisonment by virtue of the state sentences. The petitioner does not desire to compel federal action through the use of the writ. In this instance, the federal jailer who has custody of the petitioner serves a dual role of custodian for the state and the federal governments. By permitting the petitioner to serve both sentences in federal confinement, the federal authorities consented to this arrangement. <u>See</u> United States Dep't of Justice, Bureau of Prisons, Designation of State Institution for Service of Federal Sentence, Program Statement 5160.05(9) (Jan. 16, 2003), <u>available at</u> http://www.bop.gov//policy/progstat/5160_005.pdf (last visited Apr. 17, 2007) (stating that "[t]he Bureau will not, under ordinary circumstances . . . accept transfer of the inmate into federal custody for concurrent service"). One author provides an explanation:

> [T]here are two ways in which the federal sentence may be made concurrent with the state sentence. First, the [Bureau of Prisons ("BOP")] may designate the state prison as the place of confinement for the federal term of imprisonment. Second, the BOP may accept a state prisoner into federal custody when state officials offer to transfer a prisoner who has not fulfilled the state term of imprisonment. However, the BOP's authority to make the designation or to accept the prisoner is discretionary.

Erin E. Goffette, Note, <u>Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of a Defendant Subject to Simultaneous State and Federal Jurisdiction</u>, 37 Val. U. L. Rev. 1035, 1057-58 (2003) (footnotes omitted).

The writ of habeas corpus was deemed of such great import that the founding fathers envisioned a suspension of the procedure only under the most extreme circumstances. See Tenn. Const. art. 1, § 15; see also U.S. Const. art. 1, § 9, cl. 2. "The great writ . . . has been for centuries esteemed the best and only sufficient defense of personal freedom." Ex parte Yerger, 75 U.S. (8 Wall.) 85, 95 (1869). Its issuance "was firmly guarantied by the famous Habeas Corpus Act of May 27, 1679," in England, "brought to America by the colonists, and claimed as among the immemorial rights descended to them from their ancestors." Id. Because of the historic significance of the remedy, the Supreme Court has cautioned that "decisions concerning the availability of habeas relief warrant restraint." Withrow v. Williams, 507 U.S. 680, 700 (1993) (O'Connor, J., concurring in part and dissenting in part). Our highest court has specifically observed as follows:

> We do well to bear in mind the extraordinary prestige of the Great Writ, habeas corpus ad subjiciendum, in Anglo-American jurisprudence: "the most celebrated writ in the English law." It is "a writ antecedent to statute, and throwing its root deep into the genius of our common law. . . . It is perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement. It is of immemorial antiquity, an instance of its use occurring in the thirty-third year of Edward I."

Fay v. Noia, 372 U.S. 391, 399-400 (1963), overruled on other grounds as stated in Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992) (citations and footnote omitted). Well over two hundred years after Congress first provided for habeas corpus relief "the Great Writ continues today to hold a venerable and vibrant role in our jurisprudence. . . . Essentially, it remains the bulwark of our personal liberties, far stronger than it was in the day when Edward Bushell used it to obtain his freedom from the Crown." Max Rosenn, The Great Writ -- A Reflection of Societal Change, 44 Ohio St. L.J. 337, 365 (1983).

It is our view, therefore, that a prisoner serving a state sentence in federal custody should not be divested of his constitutional entitlement to test the propriety of his state convictions. "[I]t is a maxim of law that there is no right without a remedy," procedural or otherwise. Memphis St. Ry. Co. v. Rapid Transit Co., 179 S.W. 635, 639 (Tenn. 1915). That the petitioner is not entitled to release from custody even if his petition is successful is not relevant to our analysis. Should the petitioner be entitled to relief from his state convictions, he remains a federal prisoner. His remedy would be limited to the removal of any restraint on his liberty by virtue of his offenses in Tennessee. Tennessee Code Annotated section 29-21-122 provides that upon the grant of habeas corpus relief, the petitioner "shall be remanded to custody . . . [i]f it appears the party is detained by virtue of process issued by a court or judge of the United States, in a case where such court or judge has exclusive jurisdiction." Thus, under the terms of this statute, the petitioner would remain in custody on his federal convictions.

## The Petitioner's Claim

Because the petition was dismissed for a lack of jurisdiction, the trial court did not consider the merits of the claim. As indicated, the petitioner asserts that his sentence is illegal because the

trial court ordered him to serve the convictions in this case concurrently to a sentence for which he was on parole when he committed the offenses. If true, the claim would render the judgments void even though the petitioner would not be entitled to release and might ultimately be subjected to an even greater sentence than his twenty-year term. The governing statute provides, in pertinent part, as follows:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled . . . before the prisoner commences serving the sentence received for the felony committed while on parole. . . .

Tenn. Code Ann. § 40-28-123(a) (2006);[1] see also Tenn. R. Crim. P.32(c)(3)(A); Henderson v. State ex rel. Lance, 419 S.W.2d 176, 177 (Tenn. 1967) overruled on other grounds as stated in Summers v. State, 212 S.W.3d 251, 258 n.6 (Tenn. 2007).

Recently, however, in Summers v. State, this Court held that "[i]n the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." Summers, 212 S.W.3d at 261. We ruled that "[w]hen such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." Id.

Here, the petitioner has failed to attach any documentation to support his claim that he was on parole when he committed the offenses that resulted in the convictions at issue. While he asserts that there is "circumstantial evidence" suggesting that his sentence is illegal, the record in its current form does not support that contention. Under these circumstances, summary dismissal of the petition was appropriate.

## Conclusion

A prisoner serving concurrent state and federal sentences in a federal correctional institution may challenge his state convictions through the use of the state writ of habeas corpus. The trial court, therefore, erred by summarily dismissing the petition for writ of habeas corpus for a lack of jurisdiction on that ground. Because the petitioner failed to include documentation to support his illegal sentence claim, however, summary dismissal of the petition was appropriate. Accordingly, the judgment of the Court of Criminal Appeals, which affirmed the summary dismissal of the petition, is affirmed under our holding in Summers.

It appearing that the defendant is indigent, the costs of the appeal are taxed to the State of Tennessee.

---

[1]Because there have been no substantive amendments to the statute since the commission of the crimes, the statute is cited in its current form.

_____

GARY R. WADE, JUSTICE