# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON


## ANTONIO KENDRICK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 92-12034     James C. Beasley, Judge**

---

**No. W2007-00912-CCA-R3-HC  - Filed February 19, 2008**

---


The Petitioner, Antonio Kendrick, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court dismiss the above-captioned appeal or, in the alternative, affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to comply with the procedural requirements for seeking habeas corpus relief and has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Antonio Kendrick, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.


## MEMORANDUM OPINION


The Petitioner, Antonio Kendrick, was convicted of rape, a class B felony, and was sentenced as a range I offender to ten years in the Tennessee Department of Correction. *See State v. Antonio Kendrick*, No. 02C01-9604-CR-00121 (Tenn. Crim. App., at Jackson, Nov. 5, 1997), *perm. to appeal denied*, (Tenn. Jul. 13, 1998). This Court affirmed the Petitioner's conviction and sentence

1

on direct appeal.  The Petitioner later sought post-conviction relief, which was denied.  *See Antonio Kendrick v. State*, No. W1999-01789-CCA-R3-PC (Tenn. Crim. App., at Jackson, Dec. 27, 1999), *perm. to appeal denied*, (Tenn. Jan. 16, 2001).  This Court affirmed the lower court's denial of post-conviction relief.  *Id.*   The Petitioner is currently confined at the Stateville Correctional Center in Joliet, Illinois.

On March 14, 2007, the Petitioner filed a petition for habeas corpus relief in the Shelby County Criminal Court.  As grounds for relief, the Petitioner alleged that the indictment against him was constitutionally insufficient, the State failed to elect an offense out of the three offenses presented to the Grand Jury, and the Petitioner was denied the right to trial by jury by the State's failure to elect an offense.  The Petitioner maintained he had a right to seek habeas corpus relief even though he was not currently a prisoner in Tennessee. (citing *Church v. State*, 987 S.W.2d 855 (Tenn. Crim. App. 1998), *perm. to appeal denied*, (Tenn. 1999)).  On April 5, 2007, the lower court denied the Petitioner habeas corpus relief, the lower court determined that the "petition fails to meet statutory requirements for a Writ of Habeas Corpus."  The lower court further determined that "the petition fails to show that the conviction in this matter is void."  The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law.  *See Hickman v. State,* 153 S.W.3d 16, 19 (Tenn. 2004).  The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15.  However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.*  A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993).  On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the

statutory procedural requirements . . . ." *Hickman,* 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include a copy of the judgment of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for the trial court's summary dismissal of the petition. *Cf. Faulkner v. State*, 226 S.W.3d 358, 365 (Tenn. 2007).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**ALAN E. GLENN, JUDGE**