# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## RUDOLPH POWERS v. STATE OF TENNESSEE (TONY PARKER, WARDEN)

### Direct Appeal from the Circuit Court for Lake County
### No. 07-CR 8971 R. Lee Moore, Jr., Judge

---

### No. W2007-01245-CCA-R3-HC - Filed February 27, 2008

---

The Petitioner, Rudolph Powers, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to comply with the procedural prerequisites for seeking habeas corpus relief. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Rudolph Powers, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1981, the Petitioner, Rudolph Powers, was convicted of aggravated rape and robbery accomplished with a deadly weapon. *See Rudolph Powers v. Neil Rone, Warden*, No. 02C01-9208-CR-00191 (Tenn. Crim. App., at Jackson, Jun. 9, 1993), *perm. to appeal denied*, (Tenn. Oct. 4, 1993). For these offenses, the Petitioner received sentences of life imprisonment and twenty-five years, respectively. *Id.* The Petitioner's convictions and sentences were affirmed on direct appeal.

*See State v. Rudolph Powers*, No. 6 (Tenn. Crim. App., at Jackson, Dec. 30, 1982), *perm. to appeal denied*, (Tenn. Mar. 14, 1983). The Petitioner has filed numerous petitions for post-conviction relief and habeas corpus relief. All attempts for relief via collateral attack have been unsuccessful. *See, e.g., State v. Rudolph Powers,* No. 02C01-9503-CR-00084 (Tenn. Crim. App., at Jackson, Nov. 22, 1995), *perm. to appeal denied*, (Tenn. May 6, 1996) (affirming denial of post-conviction relief); *Rudolph Powers v. Neil Rone, Warden*, No. 02C01-9208-CR-00191 (affirming summary dismissal of post-conviction relief); *State v. Rudolph Powers*, No. 92 (Tenn. Crim. App., at Jackson, Sept. 13, 1989), *perm. to appeal denied*, (Tenn. Nov. 27, 1989)(denying fifth petition for post-conviction relief). The Petitioner is currently confines at the West Tennessee State Penitentiary.

On May 2, 2007, the Petitioner filed a petition for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner asserted that he is serving his sentence under three different statutes. By order entered May 17, 2007, the lower court denied habeas corpus relief, making the following findings of fact and conclusions of law:

> . . . He states that the sentences were imposed under the 1982 Sentencing Reform Act, although the crimes were committed while a prior act was in effect. The petition further states that he was indicted on September 5, 1980. He has petitioned Courts for habeas corpus relief and post-conviction relief previously and these petitions were all denied. He alleges that his convictions were void due to the fact that he is serving sentences under three different statutes. He believes that the sentences are illegal and void. . . .

> He attaches to his petition copies of what appear to be portions of other petitions either for post-conviction relief or habeas corpus relief. Also attached are various Exhibits which do not establish any cognizable claim for habeas corpus relief.

> . . . He alleging that he was sentenced under one sentencing act when the crimes for which he has been convicted occurred while another act was in effect. Allegations of petitioner in this case do not make a cognizable claim that his convictions are void. At best, the sentences are merely voidable. . . .

The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State,* 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is

rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that summary dismissal of the petition is appropriate because the Petitioner did not "attach to the habeas corpus petition pertinent documents from the record of hte underlying proceedings to support his factual assertions." Most significantly, the State cites to the Petitioner's failure to attach copies of the judgment orders for the challenged convictions, although he did attach the "jury verdict mittimus" for each conviction.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman,* 153 S.W.3d at 19-20. The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." *Hickman,* 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include a copies of the judgments of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for summary dismissal of the petition. *See Faulkner v. State*, 226 S.W.3d 358, 365 (Tenn. 2007).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____
**DAVID G. HAYES, JUDGE**