# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CRAIG L. BEENE v. STATE OF TENNESSEE (STEVEN DOTSON, WARDEN)

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0237 Joe H. Walker, Judge**

—————————

**No. W2007-01748-CCA-R3-HC  - Filed February 27, 2008**

—————————

The Petitioner, Craig L. Beene, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and John Everett Williams, JJ., joined.

Craig L. Beene, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Craig L. Beene, entered guilty pleas to attempted first degree murder, especially aggravated kidnapping, and aggravated assault. *See Craig Lamont Beene v. State*, No. M2005-01322-CCA-R3-PC (Tenn. Crim. App., at Nashville, Mar. 17, 2006), *perm. to appeal denied*, (Tenn. Jun. 26, 2006). Pursuant to the plea agreement, the Petitioner was sentenced to

seventeen years in the Tennessee Department of Correction. The Petitioner subsequently sought and was denied post-conviction relief. *Id.*

On July 6, 2007, the Petitioner filed a petition for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner asserted that the guilty plea was invalid as the trial court failed to inform the Petitioner of the maximum and minimum penalties. Accordingly, he asserts that the judgments against him are void as his guilty pleas were neither voluntarily nor knowingly entered. On July 24, 2007, the lower court denied relief, concluding that the Petitioner had failed to state a claim upon which habeas corpus relief may be granted. The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State,* 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that the Petitioner has failed to raise a cognizable claim for habeas corpus relief.

A claim attacking the voluntariness of a guilty plea is not cognizable in a habeas corpus proceeding because, even if true, the judgment would be rendered voidable, not void. *See Neal v. State*, 810 S.W.2d 131, 134 (Tenn. 1991) (failure to court to give full litany of *Boykin* rights rendered judgment voidable, not void). If the allegations in a petition for habeas corpus relief do not demonstrate that the judgment is void or that the confinement is illegal, neither appointment of

counsel nor an evidentiary hearing are required and the trial court may properly dismiss the petition. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman*, 153 S.W.3d 19-20. The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include a copy of the judgments of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for summary dismissal of the petition. *See Faulkner v. State*, 226 S.W.3d 358, 365 (Tenn. 2007).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**J.C. MCLIN, JUDGE**

3