IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**JOHN E. CARTER v. HOWARD CARLTON, WARDEN**

**Appeal from the Circuit Court for Johnson County**
**No. 5151     Lynn W. Brown, Judge**

**No. E2007-02616-CCA-R3-HC - Filed May 14, 2008**

The petitioner, John E. Carter, appeals from the Johnson County Circuit Court's summary dismissal of his petition for a writ of habeas corpus, and the State of Tennessee moves this court, pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, to summarily affirm the circuit court's order. We agree that such motion is well taken, and we affirm the denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

John E. Carter, appellant, pro se.

Robert E. Cooper, Attorney General & Reporter; and Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The petition reveals that the petitioner is aggrieved of his consecutive life sentences that resulted from his two 1982 jury convictions of first degree murder. Through his August 29, 2007 petition, he sought to have the 1982 judgments voided due to insufficient findings to support the consecutive alignment of the life sentences. The habeas corpus court determined that the claim did not state a basis for habeas corpus relief, and we agree.

The determination of whether habeas corpus relief should be granted is a question of law. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). A writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that

he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery*, 432 S.W.2d 656, 658 (Tenn. 1968). The purpose of the "jurisdiction" prong of state habeas corpus law is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

A claim "that the imposition of consecutive sentences was erroneous is not subject to habeas corpus relief." *Tommy Dixon v. State*, No. W2005-02921-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, May 31, 2006).

Accordingly, the order of the habeas corpus court is affirmed pursuant to Rule 20.

_____
JAMES CURWOOD WITT, JR., JUDGE