# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. ANTONIO KENDRICK

**Direct Appeal from the Criminal Court for Shelby County**
No. 96-11229    James M. Lammey, Judge

---

**No. W2007-02109-CCA-R3-HC  - Filed January 14, 2009**

---

The Petitioner, Antonio Kendrick, appeals the trial court's denial of his petition for habeas corpus relief.   The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We conclude that the State's motion is meritorious.  Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. McLIN, JJ., joined.

Antonio Kendrick, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Leslie E. Price, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Antonio Kendrick, was convicted by a jury of aggravated rape.  On direct appeal, the Tennessee Supreme Court held that the prosecutor's failure to elect the particular offense upon which it sought a conviction failed to preserve the Petitioner's rights under the Tennessee Constitution and constituted plain error.  *See State v. Kendrick*, 38 S.W.2d 566, 570 (Tenn. 2001) (citing Tenn. R.Crim. P. 52(b)).  On June 28, 2007, the Petitioner filed a petition for habeas corpus relief in the Shelby County Criminal Court.  In the petition, he averred that his case is currently pending in Division 7 of the Shelby County Criminal Court.  The Petitioner further stated related that

1

his bond was revoked in November 2003 and that he is currently confined in another jurisdiction. As grounds for habeas corpus relief, he asserted that the indictment against him is void for failure to state an offense. He further argued that the court was without jurisdiction to retry him on a defective indictment. On August 27, 2007, the Shelby County Criminal Court entered an order summarily dismissing the Petitioner's request for habeas corpus relief. The Petitioner filed a timely notice of appeal document on September 14, 2007.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State,* 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State,* 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." *Hickman,* 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include a copy of the judgment of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for the trial court's summary dismissal of the petition. *Cf. Faulkner v. State,* 226 S.W.3d 358, 365 (Tenn. 2007). The Petitioner failed to specify the location of his restraint and failed to state whether he had filed a previous petition for habeas corpus relief. More importantly, from the allegations of the Petitioner, it appears that the Petitioner is confined in another jurisdiction and is not being restrained by a Tennessee conviction. Accordingly, there is no judgment from which habeas relief could be granted. The Petitioner has failed to show that he is being restrained of his liberty in

Tennessee by a void or expired judgment. The trial court properly dismissed the petition for habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
**JOHN EVERETT WILLIAMS, JUDGE**