# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### KILVEN NEAL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Fayette County**
**No. 5101      J. Weber McCraw, Judge**

---

**No. W2009-02492-CCA-R3-HC  - Filed August 10, 2010**

---

The petitioner, Kilven Neal, appeals the Fayette County Circuit Court's summary dismissal of his petition for writ of habeas corpus.  The State has filed a motion requesting that we dismiss the appeal based on the petitioner's failure to file a timely notice of appeal, or, in the alternative, affirm the lower court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.   Following our review, we conclude that there was no timely notice of appeal filed and that the petitioner's claims do not warrant that we waive the timely notice of appeal requirement in the interest of justice.   Accordingly, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Kilven Neal, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**FACTS**

On November 14, 2001, the petitioner pled guilty in the Fayette County Circuit Court to possession with intent to deliver .5 grams or more of a Schedule II controlled substance, a Class B felony, and was sentenced as a Range II offender to twelve years in the Department of Correction.  The *pro se* petitioner subsequently filed a petition for writ of habeas corpus[1]

---

[1] The original petition does not contain a date stamp.  Included in the technical record, however, is
(continued...)

in which he alleged that his conviction was void because the evidence against him was insufficient to sustain the conviction, he was not indicted for the offense, he was not offered any plea bargain, and he was arrested on a misdemeanor charge rather than the felony offense for which he was convicted. On September 2, 2009, the habeas court entered an order summarily dismissing the petition on the grounds that the petitioner's allegations did not entitle him to habeas corpus relief.

## ANALYSIS

The State initially argues that the appeal should be dismissed because the petitioner failed to file a timely notice of appeal from the habeas court's ruling. We agree.

The technical record contains the following documents relating to the petitioner's attempts to appeal orders of the trial court: an application for permission to appeal to the Tennessee Court of Appeals from an "order entered by the trial court" on November 10, 2008, which was filed in the Fayette County Circuit Court Clerk's Office on November 20, 2008; a "Notice of Appeal" to the United States District Court from an order "in this action" on November 14, 2001, which was filed in the Fayette County Circuit Court Clerk's Office on June 30, 2009; a December 3, 2009, letter to the Court of Appeals from the Fayette County Deputy Clerk stating that she had overlooked until then the petitioner's June 30, 2009 "Notice of Appeal"; and a notice that the petitioner's June 30, 2009, "Notice of Appeal" was received in the appellate court clerk's office on December 3, 2009.

A notice of appeal must be filed within thirty days after the date of entry of the judgment from which the petitioner is appealing. Tenn. R. App. P. 4(a). Thus, the petitioner had thirty days from the September 2, 2009, entry of the habeas court's dismissal of his petition in which to file his notice of appeal in this case. There is nothing in the record, however, to show that the petitioner ever filed a notice of appeal from the habeas court's dismissal of his petition. Both "notices of appeal" included in the record were from different orders of the trial court and were filed before the petition for writ of habeas corpus and the habeas court's order dismissing the petition.

We may waive the timely notice of appeal requirement "in the interest of justice." See Tenn. R. App. P. 4(a); State v. Scales, 767 S.W.2d 157 (Tenn. 1989). Based on our review,

[1](...continued)
a duplicate petition with the date stamp of September 11, 2009, as well as a copy of a letter sent to the petitioner from the Administrative Assistant/Deputy Clerk of the Fayette County Circuit Court informing the petitioner that his original petition for writ of habeas corpus was filed on August 31, 2009, and his duplicate petition received on September 11, 2009.

we conclude that such waiver is not warranted in this case. It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). None of the petitioner's allegations here, even if true, would result in a void judgment or a determination that his term of imprisonment has expired.

## CONCLUSION

Because the petitioner failed to file a timely notice of appeal and the interest of justice does not require that we waive the timely notice of appeal requirement, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE