IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2022

## MONOLETO DELSHONE GREEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 2021-CR-46    Joe H. Walker, III, Judge**

_____

### No. W2021-00527-CCA-R3-HC
_____

The *pro se* Petitioner, Monoleto Delshone Green, appeals the habeas corpus court's summary dismissal of his petition for writ of habeas corpus. Because the Petitioner's notice of appeal is untimely and we find nothing that warrants the waiver of the timely notice of appeal requirement, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and J. ROSS DYER, JJ., joined.

Monoleto Delshone Green, Union City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; and Ronald L. Coleman, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In 2003, the Petitioner was convicted by a Davidson County Criminal Court jury of three counts of aggravated robbery and three counts of robbery based on his 2002 "ten-day crime spree" in which he robbed five different Nashville area motels. *State v. Monoleto D. Green*, No. M2003-02774-CCA-R3-CD, 2005 WL 1046800, at *1 (Tenn. Crim. App. May 5, 2005). The trial court sentenced the Petitioner as a Range II, multiple offender to an effective sentence of eighty-four years in the Department of Correction. *Id.* This court affirmed the convictions but modified the total effective sentence to a term of seventy-eight years. *Id.* at *13.

In 2007, the Petitioner filed an untimely petition for post-conviction relief, which the post-conviction court summarily dismissed on the basis of the statute of limitations. The Petitioner did not file a direct appeal of the dismissal of that petition. *Monoleto D. Green v. State*, No. M2015-00937-CCA-R3-PC, 2015 WL 6549286, at *1 (Tenn. Crim. App. Oct. 29, 2015). On April 20, 2015, the Petitioner filed a second petition for post-conviction relief, which was again summarily dismissed as untimely. *Id.* The Petitioner filed a direct appeal to this court, and we affirmed the summary dismissal of the petition. *Id.*

On March 22, 2021, the Petitioner filed the petition for writ of habeas corpus that is at issue in this appeal. The Petitioner appears in the instant petition to be attempting to recycle the same claims he raised in his petitions for post-conviction relief. Among his claims are that the State presented perjured testimony at trial, the jury was unconstitutionally impaneled, the State withheld exculpatory evidence, his convictions violated principles of double jeopardy, he was denied the effective assistance of counsel, and there was a variance between the indictment and the proof. The Petitioner did not attach to the petition either his indictments or his judgments.

On April 5, 2021, the habeas corpus court entered an order summarily dismissing the petition on the basis that the Petitioner not only failed to comply with the strict requirements for filing a petition for writ of habeas corpus but also failed to allege a cognizable claim for habeas corpus relief.

On May 10, 2021, the Petitioner filed an untimely notice of appeal to this court.

## ANALYSIS

The Petitioner argues on appeal that the habeas corpus court erred in summarily dismissing his petition without the appointment of counsel or an evidentiary hearing. The State argues that this court should dismiss the appeal because it was untimely and that the Petitioner has not demonstrated that the interest of justice requires that the timely notice of appeal requirement be waived. In the alternative, the State argues that the habeas corpus court properly dismissed the petition on the basis that it failed to state a cognizable claim for habeas corpus relief.

There is no question that the Petitioner's notice of appeal was untimely. A notice of appeal is not, however, jurisdictional, and the requirement for a timely notice of appeal may be waived in the interest of justice. Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant

- 2 -

factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005).

We agree with the State that there is nothing in the record to show that the interest of justice requires that we waive the timely notice of appeal requirement in this case. The Petitioner has not explained why his notice of appeal was untimely filed. He also failed to adhere to the strict requirements for filing a petition for writ of habeas corpus and did not raise claims in the petition that would show that his judgments were void or his term of imprisonment expired. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). When a "habeas petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Id.* at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)).

## **CONCLUSION**

Based on our review, we conclude that the Petitioner's notice of appeal was untimely and the interest of justice does not require that we waive the timely filing requirement. Accordingly, we dismiss the appeal.

_____
JOHN W. CAMPBELL, SR., JUDGE

- 3 -