IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 24, 2025

**CLARENCE HAYES v. CHANCE LEEDS, WARDEN**

**Appeal from the Circuit Court for Hardeman County**
**No. 24-CR-176     A. Blake Neill, Judge**

_____

**No. W2024-01737-CCA-R3-HC**

_____

Clarence Hayes, Petitioner, appeals the dismissal of his habeas petition in which he argued his judgment was void because the person for whose actions he was held criminally responsible was never convicted of murder. After the dismissal of the Petition, Petitioner filed a motion to reconsider and a motion for clarification and reconsideration. The habeas corpus court denied both motions and Petitioner filed an untimely notice of appeal. Because the interest of justice does not warrant the timely filing of the notice of appeal, Petitioner's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which MATTHEW J. WILSON and STEVEN W. SWORD, JJ., joined.

Clarence Hayes, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was found guilty by a jury of first degree murder. *State v. Hayes*, No. M2008-02689-CCA-R3-CD, 2010 WL 5344882, at *1 (Tenn. Crim. App. Dec. 23, 2010), *perm. app. denied* (Tenn. May 25, 2011). He appealed, arguing that the trial court denied his right to counsel at the motion for new trial hearing, that the evidence was insufficient to support the conviction, that the trial court erred in admitting evidence of prior bad acts, and that a lay witness was improperly allowed to give expert testimony. *Id.* This Court

affirmed, specifically finding that the evidence was sufficient to support the conviction under a theory of criminal responsibility. *Id.* at *8. The supreme court declined review.

Petitioner then sought post-conviction relief, asserting that he received ineffective assistance of counsel and arguing that the prosecutor committed misconduct. *Hayes v. State*, No. M2013-00605-CCA-R3-PC, 2013 WL 5675477, at *1 (Tenn. Crim. App. Oct. 17, 2013), *perm. app. denied* (Tenn. Mar. 5, 2014). This Court affirmed the denial of post-conviction relief, and again, the supreme court declined review.

While his appeal was pending in state court, Petitioner sought federal relief via habeas corpus. *Hayes v. Westbrooks*, No. 3:14-0836, 2014 WL 4269123 (M.D. Tenn. Aug. 28, 2014). Petitioner set forth four main claims, one of which included sixteen sub-issues. *Id.* at *1-2. The federal district court determined that an evidentiary hearing was not needed because the record conclusively showed that Petitioner was not entitled to relief in part because Petitioner had not exhausted his state remedies. *Id.* at *3. As to the remaining claims, the federal court determined Petitioner's claims "to be lacking in merit." *Id.* at *4.

On September 20, 2024, Petitioner filed the petition for writ of habeas corpus at issue herein. In the petition, he claimed that his judgment was void because the person for whom he was held criminally responsible was never convicted of murder. Instead, this person's charges were dismissed by the State because the State presented false evidence at trial. The habeas corpus court entered an order dismissing the writ of habeas corpus on September 25, 2024, finding that Petitioner was contesting a voidable, not a void judgment. The habeas corpus court noted that Tennessee Code Annotated section 39-11-407(2) provided it was not a defense to a charge of criminal responsibility that "the person for whose conduct the defendant is criminally responsible . . . has not been prosecuted or convicted [or] has been convicted of a different offense or different type or class of offense."

On October 9, 2024, Petitioner filed a motion to reconsider, citing Tennessee Rule of Civil Procedure 52.02. In the motion, Petitioner claimed that the habeas corpus court did not understand his argument. Petitioner insisted that his judgment was void because he was convicted under the wrong statute - his judgment of conviction reflects that he was convicted of first degree felony murder, but he was only charged with criminal responsibility of first degree felony murder. The habeas corpus court denied the motion to reconsider, again determining that Petitioner was challenging a merely voidable, rather than void judgment. The habeas corpus court noted that criminal responsibility was the theory by which Petitioner was proven guilty and was not a separate and distinct crime such that the trial court was required to submit some specific verdict form.

On November 4, 2024, Petitioner filed a motion for clarification and reconsideration, again arguing his judgment was void. This time, Petitioner cited *State v. Farmer*, 66 S.W.3d 188, 205 (Tenn. 2001), which states that "one cannot be convicted pursuant to a theory of criminal responsibility if there is no other person who is guilty of the crime as a principal." The habeas corpus court denied the motion on November 6, 2024, finding that Petitioner's conviction did not require another defendant to be found guilty at his trial or a separate proceeding and that *Farmer* was not applicable.

Petitioner filed a notice of appeal on November 20, 2024, challenging all three of the trial court's orders.

*Analysis*

On appeal, Petitioner argues that the habeas corpus court "committed an abuse of discretion, etc[.]" in dismissing his habeas petition. The State argues that Petitioner's appeal should be dismissed because the notice of appeal was untimely and the interests of justice do not warrant waiving the time limitation for filing the notice of appeal.

We agree with the State. There is no question that the Petitioner's notice of appeal was untimely. The habeas corpus court dismissed the petition on September 25, 2024. Petitioner did not file the notice of appeal until November 20, 2024. A notice of appeal is not, however, jurisdictional, and the requirement for a timely notice of appeal may be waived in the interest of justice. Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005).

We agree with the State that there is nothing in the record to show that the interest of justice requires that we waive the timely notice of appeal requirement in this case. Although he filed two motions to reconsider, those motions did not toll the thirty-day filing deadline for notices of appeal. *State v. Williams*, No. E2014-01068-CCA-R3-CD, 2015 WL 1291137, at *1 (Tenn. Crim. App. Mar. 19, 2015), *perm. app. denied*, (Tenn. June 15, 2015). The Petitioner has not explained why his notice of appeal was untimely filed despite filing a reply brief in which he acknowledged that the notice of appeal was untimely. Petitioner failed to request a waiver or explain the reason for his untimely notice of appeal in his reply brief. He argues that there is "no statute of limitations for filing a notice of appeal if [he] continues to try to explain to the court on Motions to reconsider that the court has committed an abuse of discretion." Moreover, Petitioner did not raise claims in the petition that would show that his judgment was void or his term of imprisonment expired. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). A void judgment is "one that is

facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). When a "habeas petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Id.* at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Petitioner's appeal is dismissed.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE