IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 8, 2008

## ANTHONY D. CLEMENT v. CHERRY LINDAMOOD, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 14226     Robert Holloway, Judge**

---

**No. M2007-01684-CCA-R3-HC - Filed April 18, 2008**

---

The *pro se* petitioner, Anthony D. Clement, appeals the dismissal of his petition for writ of habeas corpus, arguing that the habeas court erred in summarily dismissing the petition without appointing counsel. Following our review, we affirm the judgment of the habeas court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Anthony D. Clement, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In February 2005, the petitioner was indicted by the Hickman County Grand Jury for rape of a child, a Class A felony. Pursuant to a negotiated plea agreement, he entered a *nolo contendere* plea to statutory rape, a Class E felony, and was sentenced as a career offender to six years at sixty percent release eligibility. On June 6, 2007, the petitioner filed a petition for writ of habeas corpus in which he asserted that he lacked a prior felony record and was therefore illegally sentenced as a career offender. The State responded with a motion to dismiss, arguing that the petition failed to assert a ground that would entitle the petitioner to habeas corpus relief. The habeas court entered an order on July 16, 2007, granting the State's motion for summary dismissal, and the petitioner thereafter filed a timely notice of appeal to this court.

**ANALYSIS**

The petitioner argues that the habeas court erred in summarily dismissing his petition without the appointment of counsel, violating his due process rights and acting in contempt of Tennessee Supreme Court Rule 13. The State argues that summary dismissal of the petition was proper because the petitioner has not met his burden of establishing that the judgment is void or his sentence expired. We agree with the State.

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). The judgment of a court of general jurisdiction is conclusive and presumed to be valid, and such a judgment can only be impeached if the record affirmatively shows that the rendering court was without personal or subject matter jurisdiction. Archer v. State, 851 S.W.2d 157, 162 (Tenn. 1993). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The petitioner asserts that he has no prior felonies and, thus, was illegally sentenced as a career offender. However, as the State points out, the "TOMIS Offender Sentence Letter," upon which the petitioner relies in support of this claim, recites only the details of his statutory rape sentence; it does not list the petitioner's criminal record or indicate that he has no prior felonies. There is also no indication from the record that the petitioner did not consent to be sentenced as a career offender as part of his negotiated plea agreement. Offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations between the State and a defendant. Hoover v. State, 215 S.W.3d 776, 779-80 (Tenn. 2007). In sum, there is nothing on the face of the judgment or the record of the underlying proceedings to indicate that the trial court was without jurisdiction to sentence the petitioner as a career offender.

The petitioner also argues that the habeas court violated Rule 13 of the Rules of the Tennessee Supreme Court, which governs the appointment, qualifications, and compensation of counsel for indigent defendants, by summarily dismissing his petition without the appointment of counsel or holding an evidentiary hearing. However, as our supreme court explained in Summers, Rule 13, which sets forth the mechanism for the appointment of counsel for indigent defendants,

does not alter the fact that habeas corpus statutes provide that the appointment of counsel in a habeas corpus proceeding is within the court's discretion:

> We clarify, however, that Rule 13 does not create rights; it merely contains the procedural mechanism for implementing them. Therefore, an indigent petitioner does not have a right to appointed counsel in habeas corpus action except to the extent that appointment of counsel is found to be "necessary" within the meaning of Tennessee Code Annotated section 40-14-204.

Summers, 212 S.W.3d at 260-61 (citations omitted). Accordingly, we conclude that the habeas court did not err by dismissing the petition without the appointment of counsel.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE