# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ANTONIO KENDRICK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 92-12034    James C. Beasley, Jr., Judge**

---

**No. W2008-02808-CCA-R3-HC  - Filed February 12, 2010**

---

The Petitioner, Antonio Kendrick, appeals the Criminal Court of Shelby County's dismissal of his petition for habeas corpus relief.  The State has filed a motion requesting that this court dismiss the petitioner's appeal or, in the alternative, affirm the trial court's order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Antonio Kendrick, Joliet Illinois, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Deshea Dulany Faughn, Assistant Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted by a jury of rape, a class B felony, and he was sentenced as a standard offender to ten years in the Tennessee Department of Correction.  See State v. Antonio Kendrick, No. 02C01-9604-CR-00121, 1997 WL 686266, at *1 (Tenn. Crim. App., at Jackson, Nov. 5, 1997).  On direct appeal, this court affirmed the conviction and the sentence.  Id. at **5-7.  The petitioner subsequently filed a petition for post-conviction relief that was denied.  See Antonio Kendrick v. State, No. W1999-01789-CCA-R3-PC, 1999 WL 1531345, at *1 (Tenn. Crim. App., at Jackson, Dec. 27, 1999).  This court affirmed the judgment of the post-conviction court.  Id. at *2.

The petitioner's sentence eventually expired; however, he filed a petition for habeas corpus relief in the Criminal Court of Shelby County presumably because his conviction affected his sentence for a separate conviction in Illinois.  Antonio Kendrick v. State, No.

W2007-00912-CCA-R3-HC, 2008 WL 450618, at *1 (Tenn. Crim. App., at Jackson, Feb. 19, 2008), perm. to appeal denied, (Tenn. June 30, 2008). The petitioner is currently confined at the Stateville Correctional Center in Joliet, Illinois. In the petition for habeas corpus relief, he raised several claims based on the State's alleged failure to elect an offense in the indictment. The petitioner was denied habeas corpus relief by the trial court. Id. On direct appeal, this court affirmed the judgment of the lower court in a memorandum opinion that stated:

> [T]he procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 19-20 (Tenn. 2004). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. . . . " Hickman, 153 S.W.3d at 21. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include a copy of the judgment of conviction under which he claims he is illegally detained. See T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for the trial court's summary dismissal of the petition. Cf. Faulkner v. State, 226 S.W.3d 358, 365 (Tenn. 2007).

Id. at *2.

The current appeal concerns a document filed by the petitioner in the Criminal Court of Shelby County entitled "Supplemental Authorities to Petition for Writ of Habeas Corpus." The trial court treated the document as a new petition for writ of habeas corpus. The petitioner argued that his judgment is void because the trial court instructed the jury that he could commit the offense by means other than set forth in the indictment. On October 13, 2008, the trial court issued an order denying habeas corpus relief that stated:

> The defendant had previously filed a writ of habeas corpus which was denied, appealed and affirmed by the appellate courts. He has supplemented his previous writ but the result is the same. The issue has no merit and does not meet the requirements of a statutory writ of habeas corpus. The issues raised do not make his convictions void merely voidable. Further, they have no merit and fail to set out any basis for setting aside his convictions. He also has a petition for post[-]conviction pending which is the better attack on his convictions.

On November 13, 2008, the petitioner filed another document in the Criminal Court of Shelby County that was entitled "Motion to Reconsider/Modify Court's Order Denying

Supplemented Writ of Habeas Corpus." In the motion, the petitioner argued that the trial court erred by not ruling on a petition for writ of habeas corpus that he claims was filed on March 5, 2008.[1] He contends the trial court mistakenly believed his "Supplemental Authorities to Petition for Writ of Habeas Corpus" supplemented his first petition for habeas corpus relief that was filed in 2007. Upon review, the trial court again denied relief, finding that the petitioner had not proven his judgment was void. The petitioner filed a notice of appeal on December 2, 2008.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

---

[1] The record does not contain a petition for writ of habeas corpus, except for the one filed on March 14, 2007. This court has already addressed this petition. See State v. Antonio Kendrick, No. W2007-00912-CCA-R3-HC, 2008 WL 450618, at *1 (Tenn. Crim. App., at Jackson, Feb. 19, 2008), perm. to appeal denied, (Tenn. June 30, 2008).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Here, the State contends the petitioner did not adhere to the procedural requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107. Specifically, the State asserts that the petitioner did not include a copy of the judgment of conviction under which he claims he is illegally detained. This court has previously denied the petitioner habeas corpus relief for not including a copy of this document. See State v. Antonio Kendrick, No. W2007-00912-CCA-R3-HC, 2008 WL 450618, at *2 (Tenn. Crim. App., at Jackson, Feb. 19, 2008), perm. to appeal denied, (Tenn. June 30, 2008). Upon review of the record, we likewise hold that the petitioner is not entitled to habeas corpus relief because he failed to include in the appellate record a copy of the judgment form. See T.C.A. § 29-21-107(b)(2) (2008) ("The petition shall state: (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence[.]").

We also note that the petitioner's claim normally would be denied because he did not file a timely notice of appeal. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.] . . ." Here, the trial court dismissed the petition for habeas corpus relief on October 13, 2008, and the notice of appeal was filed on December 2, 2008. The 30-day filing period was not tolled by the petitioner's motion for reconsideration. See State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). Furthermore, the circumstances of this case would not call for waiver of the filing requirement under Rule 4(a).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE