IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 10, 2009

## STANLEY HARVILL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 88974      Joe Walker, Judge**

---

**No. W2009-00594-CCA-R3-HC  - Filed March 30, 2010**

---

The petitioner, Stanley Harvill,[1] appeals the circuit court's order summarily dismissing his petition for writ of habeas corpus.  Following our review of the record and the applicable law, we affirm the court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Stanley Harvill, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

The record before us reveals that a jury convicted the petitioner in 1987 of assault with intent to commit murder in the first degree resulting in bodily injury.  The court sentenced him to life in the Tennessee Department of Correction, and this court upheld his conviction on appeal. *See State v. Robert Williams*, No. 88-125-III, 1989 WL 92220, at *1 (Tenn. Crim. App., at Nashville, Aug. 17, 1989).  Subsequently, courts denied the petitioner relief in two post-conviction proceedings, two habeas corpus proceedings, and a proceeding on a petition to correct his sentence. *See Stanley Harvell v. Glen Turner,* No. W2004-02643-

---

[1]  The petitioner has spelled his last name Harville, Harvell, and Harvill.  On the petition for writ of habeas corpus, his name is spelled Harvill and that is how we will refer to him in this opinion.

CCA-R3-HC, 2005 WL 839891, *1 (Tenn. Crim. App., at Jackson, April 12, 2005); *Stanley Harville v. State*, No. 01C01-9703-CC-00104, 1998 WL 211736, at *1 (Tenn. Crim. App., at Nashville, April 30, 1998); *State ex rel. King Salahuddin v. Fred Raney, Warden*, No. 02C01-9405-CC-00085, 1994 WL 568271, at *1 (Tenn. Crim. App., at Jackson, Oct. 19, 1994); *King T.K. Salahuddin v. State*, No. 01C01-9205-CC-00160, 1992 WL 335924, at *1 (Tenn. Crim. App., at Nashville, Nov. 18, 1992).

On December 31, 2008, the petitioner filed a petition for writ of habeas corpus, alleging that he was illegally restrained by virtue of a void sentence. He argued that his sentence is void because he was denied his due process rights and his right to a speedy trial. The habeas court dismissed the petition in a written order, noting that the petitioner did not attach a copy of the judgment, that his sentence had not expired, and that the circuit court had jurisdiction to sentence him.

**Analysis**

On appeal, the petitioner alleges that (1) the trial court erred by basing its dismissal of his petition on the fact that he did not attach the judgment to the petition; (2) the circuit court did not have jurisdiction because he was denied his right to speedy trial, and the court did not follow the provisions of Tennessee Code Annotated § 40-18-103(a); and (3) the trial court erred by dismissing the petition without appointment of counsel.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a habeas court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary

hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

At the onset of our review, we note that the challenged judgment of conviction is not in the record before us. By not attaching the judgment of conviction, the petitioner has failed to comply with the mandatory procedural requirements for seeking habeas corpus relief, and a court may dismiss the petition without the appointment of counsel and without a hearing. *Summers*, 212 S.W.3d at 260-61; *see generally* Tenn. Code Ann. § 29-21-107. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman*, 153 S.W.3d at 19-20. This reason alone provides adequate justification for summary dismissal of the petition. *See Faulkner v. State*, 226 S.W.3d 358, 365 (Tenn. 2007). Additionally, the petitioner has not demonstrated that the trial court did not have jurisdiction. Even if the petitioner's right to a speedy trial was violated, such violation would render the judgment voidable rather than void. *See, generally, Archer*, 851 S.W.2d at 163. The petitioner has therefore not established that he is entitled to habeas corpus relief.

## Conclusion

Based on the foregoing reasons, the order of the habeas court dismissing the petition for writ of habeas corpus is affirmed.

_____
J.C. McLIN, JUDGE