# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville April 23, 2014

## CHARLES ORLANDO FIELDS v. DEBRA JOHNSON, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 13-CV-45     James G. Martin, III, Judge**

---

**No. M2013-02484-CCA-R3-HC - Filed June 18, 2014**

---

The *pro se* petitioner, Charles Orlando Fields, appeals the Hickman County Circuit Court's summary dismissal of his petition for writ of habeas corpus, arguing that the sentence he received for his conviction for the sale of a controlled substance within 1000 feet of a school zone is illegal. Following our review, we affirm the dismissal on the grounds that the petitioner failed to state a cognizable claim for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROGER A. PAGE, JJ., joined.

Charles Orlando Fields, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### FACTS

On August 14, 2000, an Obion County jury convicted the petitioner of the sale and of the delivery of .5 grams or more of cocaine, a Schedule II controlled substance, within 1000 feet of a school zone, a Class A felony. After merging the delivery count into the sale count, the trial court sentenced the petitioner as a Range II, multiple offender to thirty-three years in the Department of Correction, with a mandatory minimum sentence of twenty-five years pursuant to the Drug-Free School Zone Act. See Tenn. Code Ann. § 39-17-432(b)(1), (c) (2010). The petitioner's conviction and sentence were affirmed by this court on direct appeal. State v. Charles Orlando Fields, No. W2001-00124-CCA-R3-CD, 2002 WL

1558575, at *1 (Tenn. Crim. App. Jan. 2, 2002).

The petitioner later filed a petition for post-conviction relief in which he alleged he received ineffective assistance of counsel. At the evidentiary hearing, the petitioner complained, among other things, about counsel's failure to challenge the sufficiency of the indictment, explaining to the post-conviction court that he felt that the indictment, which charged him with the sale of cocaine within 1000 feet of a school, did not put him on notice that he was being charged with selling cocaine within a "school zone." Charles Orlando Fields v. State, No. W2003-02051-CCA-R3-PC, 2004 WL 1405012, at *2 (Tenn. Crim. App. June 23, 2004), perm. app. denied (Tenn. Dec. 20, 2004). The post-conviction court denied the petition, concluding that the petitioner had waived consideration of the issue by having previously raised the ineffective assistance of counsel claim in the motion for new trial, but not in his direct appeal, and that, regardless of waiver, he had failed to show prejudice to his case. Id. at *1-2.

The petitioner subsequently filed a petition for writ of habeas corpus in which he alleged that his indictment was void because it did not include all the essential elements of the offense with which he was charged, his sentencing range was illegal, and the trial court lacked subject matter jurisdiction to sentence him. The habeas court summarily dismissed the petition for failure to state a cognizable claim for habeas corpus relief, and this court affirmed the dismissal. Charles Orlando Fields v. Henry Steward, Warden, No. W2008-02509-CCA-R3-HC, 2009 WL 1097444, at *1 (Tenn. Crim. App. Apr. 23, 2009).

On August 14, 2013, the petitioner filed the petition for writ of habeas corpus that is at issue in this case, alleging that he received an illegal sentence because he was not given notice of the enhanced punishment he faced under the Drug-Free School Zone Act, his punishment as both a Range II offender and as a violator of the Drug-Free School Zone Act constituted dual punishment for the same crime, and he was erroneously classified as a Range II offender. On September 11, 2013, the habeas court entered an order granting the State's motion for summary dismissal of the petition on the grounds that it failed to state a cognizable claim for habeas corpus relief. This appeal followed.

## ANALYSIS

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment."

Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We agree with the State that the petitioner's allegations that he received "dual punishment," was erroneously sentenced as a Range II offender, and was not informed of the enhanced punishment he faced with a conviction under the Drug-Free School Zone Act are not cognizable claims for habeas corpus relief. Accordingly, we conclude that the habeas corpus court's summary dismissal of the petition was proper.

## CONCLUSION

Because the petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE