IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

**BILLY COOK v. DOUG COOK, WARDEN**

**Appeal from the Criminal Court for Sumner County**
**No. 886-2013      Dee David Gay, Judge**

**No. M2015-01886-CCA-R3-HC – Filed March 8, 2016**

The petitioner currently is serving an effective seventy-year sentence following his 2013 guilty pleas to fifty counts of especially aggravated sexual exploitation of a minor, ten counts of rape of a child, and seventeen counts of aggravated rape of a child. Following an unsuccessful petition for post-conviction relief based upon the alleged ineffectiveness of trial counsel, Billy Jack Cook v. State, No. M2014-00616-CCA-R3-PC, 2015 WL 2445868, at *1 (Tenn. Crim. App. May 22, 2015), perm. app. denied (Tenn. Aug. 12, 2015), he filed a petition for writ of habeas corpus, which appears to be a confusing and convoluted rehash of his post-conviction petition, claiming this time that his trial counsel had "[m]ade up evidence along with the state DA to get [a] guilty plea" and, without providing any details, that his "due process rights were violated." He has appealed the trial court's order denying the petition because he had failed to show that the judgments were facially void. Following our review, we affirm the denial of relief, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Billy Cook, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Andrew C. Coulam, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

To the claims, such as they are, in his petition for writ of habeas corpus, that his trial counsel conspired with the State and that his right to due process was violated, the petitioner adds in his appellate brief the claims that new scientific evidence warranted a hearing on his petition and that his pleas of guilty were not voluntary. Whether these claims have some sort of oblique relationship to those set out in his habeas corpus petition denied by the trial court is unclear to this court. However, they do appear to continue the unsuccessful arguments of his previous petition for post-conviction relief, as we will explain.

We first will review the applicable law. The remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

In his petition for post-conviction relief, the petitioner claimed, as he again does in his petition for writ of habeas corpus, that his pleas of guilty were involuntary and unknowing. Both the post-conviction court and this court on appeal agreed that the opposite was true. Accordingly, this repeated claim is without merit both because it previously has been determined not to be true and, further, even if it were, would make the judgments voidable rather than void. As for the second claim in his habeas corpus petition, that his right to due process was violated, we can only speculate at what he means. Thus, this claim, also, cannot be the basis for relief. Somehow related to his claim of ineffective assistance of counsel, which was raised both in his petition for writ of habeas corpus as well as his appellate brief in this matter, appears to be the allegation that his trial counsel conspired with the State in some fashion. In his earlier post-conviction proceeding, both the lower court, as well as this court on appeal, concluded that he had

been provided effective assistance of counsel. He cannot rehash this same claim which, even if true, would result in a voidable rather than void judgment.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE