
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 21, 2017

## BRUNSWICK L. ROBINSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. CC-16-CR-144 Stacy L. Street, Judge**

_____

### No. E2016-02429-CCA-R3-HC

_____

The *pro se* petitioner, Brunswick L. Robinson, appeals the denial of his petition for writ of habeas corpus by the Johnson County Criminal Court, arguing the trial court erred in summarily dismissing the petition as his sentence has expired. After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Brunswick L. Robinson, Mountain City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 2005, the petitioner pled guilty to the attempted sale of a Schedule II substance for which he received a five-year suspended sentence, with one hundred and eighty days to serve. According to the judgment form entered on February 14, 2006, and made a part of the appellate record, the petitioner did not receive any pretrial jail credits and the five-year sentence was to run consecutively to "all current cases" of the petitioner. However, on November 13, 2014, the Rutherford County Circuit Court revoked the petitioner's probation and he was ordered to serve the five-year sentence in confinement. According to the November 13, 2014, Violation of Probation Order, four hundred and ninety-seven days of jail credits were to be applied to the five-year sentence.

On October 28, 2016, the petitioner filed a *pro se* petition for writ of habeas corpus alleging the trial court failed to apply the ordered jail credits to his sentence, rendering it illegal and, furthermore, expired. The petitioner also asserted that the October 28, 2016, petition was his first application for the writ. The State filed a motion to dismiss the October 28, 2016, petition arguing the petitioner previously filed an application for the writ, and, therefore, it failed to satisfy the procedural requirements of Tennessee Code Annotated section 29-21-107. The State also argued the trial court's alleged failure to apply jail credits to the petitioner's sentence did not present a colorable claim and the petitioner failed to show that his sentence had expired. The court granted the State's motion and summarily dismissed the petition. The petitioner then filed a *pro se* appeal arguing the habeas court erred by summarily dismissing the petition "due to his sentence being expired."

It is well-settled that habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

The appellate record makes clear the petitioner has failed to satisfy both the procedural and substantive requirements necessary for habeas corpus relief. The petitioner filed an initial petition for writ of habeas corpus on October 12, 2016. The Rutherford County Circuit Court denied the petition for lack of jurisdiction on October 17, 2016.[1] The petitioner then filed a second petition for writ of habeas corpus on

---

[1] Though the October 12, 2016 petition is not a part of the appellate record, the order dismissing it makes clear that at the time of the application for the writ, the petitioner was incarcerated in Johnson County, Tennessee. As such, the Rutherford County Circuit Court lacked jurisdiction pursuant to Tennessee Code Annotated section 29-21-105, which states: "The application should be made to the court

- 2 -

October 28, 2016, in Johnson County wherein he alleged "[t]his is the first application for the writ." Pursuant to Tennessee Code Annotated section 29-21-107, "if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). Here, the petitioner failed to attach a copy of the October 12, 2016, petition or the "proceedings thereon" to his second application, and he provided no explanation for the same. *Id.* We, therefore, conclude that the habeas court's summary dismissal of the petition was proper and the petitioner is not entitled to relief from this Court.

Additionally, as noted by the State and found by the trial court, the petitioner has failed to show by a preponderance of the evidence that the judgment at issue was void or that his sentence has expired. On appeal, the petitioner argues his sentence is illegal based upon the trial court's failure to apply jail credits to his sentence. However, this Court has previously held that "[a] trial court's failure to award pretrial or post-judgment jail credits does not render a sentence illegal and is, therefore, insufficient to establish a colorable claim for habeas corpus . . . relief." *Cory O'Brien Johnson v. State*, No. W2016-00087-CCA-R3-HC, 2016 WL 4545876, at *2 (Tenn. Crim. App. Aug. 30, 2016), *perm. app. denied* (Tenn. Dec. 15, 2016) (citations omitted). This issue is without merit.

Finally, no evidence exists in the record to support the petitioner's claim that his five-year sentence has expired. The record does not include the judgment forms for the petitioner's prior cases to which the present sentence was set to run consecutively. Accordingly, nothing in the record indicates the date upon which the petitioner began serving the present sentence. The petitioner has failed to provide "an adequate record" for our review and, as such, has failed to show his sentence has expired.[2] *Summers*, 212 S.W.3d at 261. Accordingly, the petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the

---

or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge."

[2]However, assuming as the State did in its motion to dismiss, if the petitioner's five-year sentence began on November 13, 2014 when the Violation of Probation Order was filed, even with the four hundred and ninety-seven days of jail credits, the sentence has not expired.

trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE