IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2018

## KENTRAIL STERLING v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 97-01419        John Wheeler Campbell, Judge**

_____

## No. W2018-00989-CCA-R3-HC

_____

The pro se petitioner, Kentrail Sterling, appeals the denial of his petition for writ of habeas corpus by the Shelby County Criminal Court, arguing the trial court erred in summarily dismissing the petition as the judgments against him are void for lack of subject matter jurisdiction.  After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and TIMOTHY L. EASTER, JJ., joined.

Kentrail Sterling, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner is currently serving a sixty-four year sentence for crimes he committed on August 12, 1996, when he was seventeen years old.  Prior to trial for his present convictions, the juvenile court transferred his case to criminal court.  From what we can discern from the record, the crimes forming the basis of the petitioner's transfer order included the August 12, 1996 offenses and an unrelated aggravated robbery offense committed in 1996, for which he was never indicted.  Rather, the petitioner was indicted only for the August 12, 1996 offenses, which included two counts of especially

aggravated kidnapping and two counts of aggravated robbery. A jury convicted the petitioner as charged.

On direct appeal, the petitioner challenged the jurisdiction of the trial court. He argued the trial court lacked jurisdiction because he was never indicted for or convicted of the unrelated aggravated robbery offense which he claimed formed the basis of his transfer order. We disagreed with the petitioner upon our initial review of this issue and stated:

> The [petitioner] does not challenge the validity of his transfer to criminal court for the unrelated aggravated robbery charge. To the contrary, he asserts that this charge was the "primary offense upon which the transfer hearing/probable cause hearing was conducted." The [petitioner] however, contends that because he was never "indicted[,] tried, or convicted of" the unrelated aggravated robbery charge, the criminal court had no jurisdiction to hear the charges against him for the instant offenses. "Acquittal or dismissal of the charges resulting in the transfer is the predicate for the restoration of the juvenile court's jurisdiction." *State v. Darden*, 12 S.W.3d 455, 458 (Tenn. 2000). Because the [petitioner] has not presented any evidence to establish that the unrelated aggravated robbery charge was dismissed or that he was acquitted of such charge, he has failed to show that the criminal court did not have jurisdiction over the instant offenses. Thus, the [petitioner's] claim that the trial court lacked jurisdiction to try him as an adult is without merit.

*Kentrail Sterling v. State*, No. W1999-00608-CCA-R3-CD, 2001 WL 1117518, at *3 (Tenn. Crim. App. Sept. 24, 2001), *no perm. app. filed*.

In a subsequent post-conviction appeal denied by this Court, we again reviewed the jurisdictional issue and in doing so, provided the following summary of the procedural history of the petitioner's case:

> A Shelby County grand jury indicted the petitioner for two counts of aggravated robbery and two counts of especially aggravated kidnapping. Even though the petitioner was a minor at the time the crimes were committed, he was tried as an adult based on a finding of a past and unrelated delinquent act of aggravated robbery. He was subsequently sentenced to an effective term of sixty-six years in the Department of Correction. A direct appeal was filed in this [C]ourt. While the appeal was pending, the petitioner filed a *pro se* writ of habeas corpus alleging that a defective transfer proceeding in the juvenile court deprived the Shelby

- 2 -

County Criminal Court of jurisdiction to adjudicate the criminal allegations and, thus, deprived him of his due process rights. The petition for habeas corpus relief was dismissed by the Shelby County Criminal Court because the same allegations had been made in the pending direct appeal.

On direct appeal, a panel of this [C]ourt affirmed the petitioner's convictions but modified his sentence to a term of sixty-four years based upon the erroneous application of an enhancement factor. *State v. Kentrail Sterling*, No. W1999-00608-CCA-R3-CD (Tenn. Crim. App., at Jackson, Sept. 24, 2001). The court specifically held that: (1) the trial court exercised proper jurisdiction over the petitioner pursuant to a valid transfer hearing in the juvenile court; (2) the indictments were sufficiently clear as to the indicted offenses and in what manner such offenses were being charged; (3) the statutes under which the petitioner was convicted were not unconstitutionally vague and ambiguous; (4) the jury charge complied with constitutional requirements; (5) trial counsel was not ineffective; and (6) the trial judge properly imposed consecutive sentences. *Id.*

A second petition for the writ of habeas corpus was filed by the petitioner, again raising the same allegations as those raised in the initial habeas corpus petition. The habeas court dismissed the petition upon the ground that the allegations had already been adjudicated.

Subsequently, the petitioner, proceeding *pro se*, filed the petition which is the subject of this appeal, styled as an "Amended and Supplemental Petition for Post-Conviction Relief, and/or Petition for Writ of Error Coram Nobis, and/or Petition for Writ of Habeas Corpus." In the petition, the petitioner asserted that: (1) the transfer proceedings were improper, thereby depriving the criminal court of jurisdiction; (2) the petitioner's due process rights were violated in that alibi witnesses were not called; (3) the photographic spread identification was unduly suggestive; and (4) the sentence imposed was excessive because the trial court failed to consider the mitigating factor of the petitioner's mental history. Following the appointment of counsel, an "Additional Amended and Supplemental Petition to Reopen Petition for Post-Conviction Relief" was filed, which alleged that the reasoning behind the Court of Criminal Appeals ruling that the transfer hearing was valid could not stand because the petitioner was not appointed an attorney on appeal. The lower court entered an order summarily denying the petition finding that no relief was warranted if the petition was treated as one for post-conviction relief, as one seeking error coram nobis relief, or as a petition for the writ of habeas corpus.

*Kentrail Sterling v. State*, No. W2007-02277-CCA-R3-PC, 2008 WL 4756680, at *1-2 (Tenn. Crim. App. Oct. 28, 2008), *no perm. app. filed*. This Court affirmed the trial court's summary dismissal finding both the petition was untimely and the issues were either waived or previously determined. *Id.* *45.

On December 1, 2016, the petitioner filed a "Motion to Dismiss with Prejudice on Grounds of Subject Matter Jurisdiction, Violations of the Speedy Trial Act and Statute of Limitations." The petitioner amended his motion on April 5, 2018, arguing the judgments against him were void as the trial court did not have jurisdiction over his case. In denying relief, the trial court acknowledged the petitioner's jurisdictional claims had previously been adjudicated, held the "record does not show a lack of jurisdiction" as to his underlying convictions, and noted this Court "has previously ruled that *[h]abeas [c]orpus* is not the proper vehicle in which an attack can be made on a question of the validity of transfer or lack of transfer from juvenile court." *See Eddie F. Depriest v. Kevin Meyers, Warden*, No. M2000-02312-CCA-R3-PC, 2001 WL 758739, at *2 (Tenn. Crim. App. July 6, 2001), *no perm. app. filed*. This timely appeal followed.

Habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

As noted above, it is clear the petitioner's attack on the trial court's jurisdiction is meritless as we have twice ruled the trial court had jurisdiction to hear his case. *Kentrail Sterling*, 2001 WL 1117518, at *3-4; *Kentrail Sterling*, 2008 WL 4756680, at *1-2. The record also indicates, as noted by the State, the petitioner failed to meet the procedural requirements necessary for habeas corpus relief by not listing in the petition the "person

by whom and place where restrained," and by not including with his petition copies of the judgments against him or the previous petitions filed. Tenn. Code Ann. § 29-21-107. Additionally, nothing in the record suggests the petitioner's judgments are void and he is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE