IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 5, 2019

**PETER D. BILLINGTON v. SHAWN PHILLIPS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 18-CR-10524   R. Lee Moore, Jr., Judge**

_____

**No. W2018-01915-CCA-R3-HC**

_____

The pro se Petitioner, Peter D. Billington, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Peter D. Billington, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; and Danny H. Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

Following a plea colloquy, the Petitioner pleaded guilty in the Hamilton County Criminal Court to the first-degree murders of his mother, father, and sister. In exchange for his plea, he received three concurrent life sentences. The record reflects that the Petitioner murdered his parents and sister when they confronted him about his opening a credit card in his sister's name through forgery. After shooting his family, his mother and sister died quickly, while the Petitioner reloaded his gun and shot his father in the back of the head when he did not die immediately. The Petitioner then attempted to clean up the crime scene and dispose of his gun before "notif[ying] the police and attempt[ing] to avoid responsibility."

On October 2, 2018, the Petitioner filed a pro se petition for writ of habeas corpus. In his petition, the Petitioner asserted that the judgments against him were void because the trial court "committed plain error by failing to determine [a] factual basis for [the P]etitioner's guilty plea of first degree murder" and by "failing to determine whether [the P]etitioner understood [the] nature of [the] charge" before accepting his plea. The habeas corpus court summarily dismissed the petition by written order on October 9, 2018, noting that the Petitioner's "sentence has not expired[,] and the judgments in this case are not void. Even if all of his allegations were true, the judgments would only be voidable." The Petitioner appealed.

## ANALYSIS

On appeal, the Petitioner asserts that he is entitled to habeas corpus relief because the judgments against him are void. Specifically, the Petitioner alleges that the trial court lacked a factual basis for a finding of premeditation and did not explain to him the elements of the offense, making his guilty plea involuntary. The State responds that the judgments against him are not void and, even if his allegations were true, the judgments would merely be voidable. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A challenge to the sufficiency of an indictment may be brought in a habeas corpus proceeding if "the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We discern no error in the habeas corpus court's summary dismissal of the petition on the basis that it failed to establish a cognizable claim for habeas corpus relief. The

Petitioner argues that the judgments against him are void because the court lacked a factual basis for the plea, violating Tennessee Rule of Criminal Procedure 11(b)(3), and did not explain the elements of the offense to him, violating Tennessee Rule of Criminal Procedure 11(b)(1)(a), therefore rendering his plea involuntary. The Petitioner is correct in his assertion that Tennessee Rule of Criminal Procedure 11(b)(3) requires the trial court to find a factual basis supporting a guilty plea before accepting it, and Rule 11(b)(1)(a) requires the trial court to explain the nature of the charges for which the plea is offered. However, this court has previously held that a "claim that the trial court failed to comply with Rule 11 of the Tennessee Rules of Criminal Procedure is an allegation that would render a conviction voidable, not void." Cedric Jeffries v. Steven Dotson, Warden, No. W2009-00816-CCA-R3-HC, 2009 WL 4789975, at *2 (Tenn. Crim. App. Dec. 14, 2009). Thus, even if we take the Petitioner's allegations as true, his convictions would merely be voidable, rather than void.

Further, our supreme court has previously stated that "[v]oluntariness of a plea . . . has no relevance in a habeas corpus proceeding." Summers, 212 S.W.2d at 259. Instead, the voluntariness of a plea is properly addressed in a petition for post-conviction relief and is not a "proper ground[] for habeas corpus relief in Tennessee." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Despite his arguments to the contrary, the Petitioner has failed to establish that his judgments are void or his sentence expired. Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE