IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 7, 2020 Session

**STATE OF TENNESSEE v. PAMELA MOSES**

**Appeal from the Criminal Court for Shelby County**
**No. 14-06502, 14-05903, 15-00884      William B. Acree, Senior Judge**

_____

**No. W2019-01219-CCA-R3-CD**

_____

The pro se Petitioner, Pamela Moses, appeals the trial court's denial of her "Motion for Expiration of Sentence," which the trial court essentially treated as a motion for writ of habeas corpus.   Following our review, we affirm the denial of the motion.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Pamela Jeanine Moses, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

     This case arises out of the Petitioner's April 29, 2015 Shelby County guilty plea convictions in case number 14-05903 to theft of merchandise worth $500 or less; in case number 14-06502 to tampering with or fabricating evidence, forgery, perjury on an official document and stalking; and in case number 15-00884 to escape from misdemeanor incarceration.  The Petitioner later filed a motion to withdraw her guilty pleas, which was denied by the trial court.  On direct appeal, this court affirmed the trial court's denial of the

motion to withdraw the guilty pleas but remanded for the correction of clerical errors in the judgments. State v. Pamela Moses, No. W2015-01240-CCA-R3-CD, 2016 WL 4706707, at *1 (Tenn. Crim. App. Sept. 6, 2016), perm.app. denied (Tenn. Jan. 23, 2017). Specifically, we remanded for a corrected judgment in count one of case number 14-05903 to reflect that the theft of merchandise conviction was to be served concurrently to the convictions in case number 14-06502 and for the entry of separate judgments for each of the nolle prosequied counts of the indictments. Id. at *13. Our opinion affirming the denial of the Petitioner's motion to withdraw her guilty pleas provides the following background that is relevant to the instant appeal:

> On November 18, 2014, the Shelby County Grand Jury indicted [the Petitioner] in Indictment No. 14-05903 for theft of merchandise worth $500 or less and theft of property worth $500 or less. On December 18, 2014, the same grand jury indicted [the Petitioner] in Indictment No. 14-06502 for tampering with or fabricating evidence, forgery, retaliation for past action, perjury, stalking, two counts of impersonating a licensed professional, two counts of harassment, and aggravated perjury. On February 19, 2015, the grand jury indicted [the Petitioner] in Indictment No. 15-00884 for escape from misdemeanor incarceration and evading arrest.

> . . . .

> Plea Submission Hearing. At the April 29, 2015 plea submission hearing, [the Petitioner] waived her right to a trial by jury and requested the court's acceptance of her guilty pleas in Indictment No. 14-05903 to theft of merchandise worth $500 or less, a Class A misdemeanor; in Indictment No. 14-06502 to tampering with or fabricating evidence, a Class C felony; forgery, a Class E felony; perjury on an official document, a Class A misdemeanor; and stalking involving victim General Sessions Court Judge Phyllis Gardner, a Class A misdemeanor; and in Indictment No. 15-00884 to escape from misdemeanor incarceration, a Class A misdemeanor. Pursuant to her plea agreement, [the Petitioner] entered these guilty pleas in exchange for an effective seven-year sentence and the dismissal of the remaining charges in the aforementioned indictments.

> . . . .

> The trial court found that [the Petitioner] was competent to enter her guilty pleas and that she understood the direct and indirect consequences of entering these pleas. The court also found that [the Petitioner] had freely, voluntarily, and intelligently entered her guilty pleas and that there were sufficient facts

- 2 -

supporting the pleas. [The Petitioner] stated that she understood the sentences that she was receiving in exchange for her guilty pleas and that she agreed to these sentences in the plea agreement. She also acknowledged that she would be on intensive probation for the first two years, would have to complete and continue her mental evaluations and follow any recommendations, and would have no contact with any of the victims . . . . The trial court accepted her guilty pleas, imposed the sentences specified in the plea agreement, and ensured that the remaining charges were dismissed. Pursuant to her plea agreement, [the Petitioner's] sentences were suspended to probation, and she was given time served on her one-day sentence for the escape conviction.

Id. at *1-*5.

On February 25, 2016, the trial court revoked the Petitioner's probation after a probation violation hearing. In our direct appeal opinion affirming the trial court's revocation of the Petitioner's probation, we noted that "the [Petitioner] received an effective sentence of seven years to be served on probation." State v. Pamela Moses, No. W2016-01762-CCA-R3-CD, 2018 WL 2292998, at *2 (Tenn. Crim. App. May 18, 2018), perm. app. denied (Tenn. Sept. 14, 2018). On March 4, 2016, the trial court reinstated the Petitioner's probation.

On May 29, 2019, the Petitioner filed the motion at issue in this appeal, which she styled as a "Motion for Expiration of Sentence as of October 30, 2018." She asserted that she had been sentenced to a total of four years and one day, which she had already served, and requested that the trial court enter an order that her sentences were expired.

At the July 8, 2019 hearing on the motion, Gloria Redick, the keeper of the records for the Shelby County Criminal Court Clerk, identified certified copies of the Petitioner's judgments, which were admitted as exhibits. On cross-examination, the Petitioner questioned Ms. Redick about the notations in the "consecutive" boxes on the judgment sheets. Ms. Redick disagreed with the Defendant's interpretation of the sentences but agreed that the judgments reflected that some of the sentences were to be served consecutively to the one-day sentence in case number 15-00884. On redirect examination, Ms. Redick testified that the consecutive boxes for the four judgment sheets for case number 14-06502 read, respectively: "all counts, comma, 15-00884"; "all counts on this indictment and 15-00884"; "all counts on this indictment, comma, 15-00884"; and "all counts on this indictment, comma, 15-00884." On recross examination, the Petitioner questioned whether there was anything to reflect that she had been convicted of all counts in case number 14-06502 and requested that Ms. Redick read aloud the notation in the special conditions box on count one. Ms. Redick complied, testifying that it read "nol-pros no cost on counts three, six through 10."

The trial court denied the Petitioner's request to call the Shelby County District Attorney and a Shelby County Criminal Court judge as witnesses.

During argument, the Petitioner requested that the court correct the erroneous interpretation of the judgments, insisting that "the paperwork says three years is the largest sentence and those sentences were consecutive to the one day, not each other." At the conclusion of the hearing, the trial court denied the motion, finding that the Petitioner was sentenced to consecutive sentences for a total of seven years and one day and that the seven-year period began to run on April 29, 2015, which meant it was not scheduled to expire until April 29, 2022. The court noted that in addition to the paperwork introduced by the State, this court on two prior occasions determined the Defendant's sentence to be seven years and that it was "without authority to overrule the Court of Criminal Appeals." On July 9, 2019, the Defendant filed a notice of appeal to this court.

## ANALYSIS

On appeal, the Defendant insists that her sentences were expired and that the trial court therefore erred in not entering an order of expiration. Citing Tennessee Code Annotated section 40-35-115, the consecutive sentencing statute, she argues that the sentences in case number 14-06502 were to be served concurrently rather than consecutively because she did not meet any of the criteria for consecutive sentencing and the trial court failed to make the specific required findings to order consecutive sentences. She further argues that her procedural due process rights to a fair hearing were violated because she did not receive any notice that the sentences were anything other than concurrent, that this court's statement about her seven-year sentence in our opinion affirming the denial of her motion to withdraw her guilty plea was error that should be corrected, and that this court's reference to the seven-year sentence in our opinion affirming the revocation of her probation "was not a binding holding" that the trial court was required to follow. The State argues, among other things, that the trial court properly determined that the Petitioner's effective seven-year sentence was not expired.

As an initial matter, we agree with the State that we have jurisdiction over this case by liberally construing the Petitioner's pro se motion for expiration of sentence as a petition for writ of habeas corpus, which is the manner in which the trial court treated the motion, albeit without specifically characterizing it as such. See Tenn. R. App. P 3(b).

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980

- 4 -

S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers, 212 S.W. 3d at 260. As such, our review is de novo with no presumption of correctness given to the trial court's findings and conclusions. Id. at 255.

We can find no error in the trial court's denial of the motion. The judgments in case number 14-06502 reflect that the Petitioner was sentenced to three years for the tampering with evidence conviction, two years for the forgery conviction, and eleven months, twenty-nine days each for the perjury and stalking convictions, with each of the above sentences ordered to be served concurrently to the sentence in case number 14-05903 but consecutively to each other and consecutively to the one-day sentence in case number 15-00884. The trial court, therefore, correctly found that the Petitioner's sentences were not expired. Thus, the Petitioner has not shown that she is entitled to habeas corpus relief.

Nor has the Petitioner shown that she is entitled to relief if her motion is liberally construed as a motion for correction of an illegal sentence. Rule 36.1 of the Tennessee Rules of Criminal Procedure provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a).

Our supreme court has classified the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). State v. Wooden, 478 S.W.3d 585, 594-5 (Tenn. 2015). Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. at 595 (citing Davis v. State, 313 S.W. 3d. 751, 759 (Tenn. 2010)). Only fatal errors render sentences illegal. Id.

The Petitioner has failed to identify any fatal errors in her sentencing. Instead, she is simply misreading the judgments as ordering that her sentences in case number 14-06502 be served consecutively only to the one-day sentence she received in case number 15-

00884 for misdemeanor escape, rather than consecutively to each other and to the one-day sentence. The Petitioner's claim that the trial court failed to make required findings of fact in support of consecutive sentencing, which she raises for the first time on appeal, is wholly without merit, as her consecutive sentences were part of her negotiated plea agreement with the State.  See Pamela Moses, 2016 WL 4706707, at *1-*5.  Moreover, a failure to make required findings in support of consecutive sentencing is not a fatal error that would render the sentences illegal and entitle the Petitioner to either habeas corpus or Rule 36.1 relief. See Cantrell v. Easterling, 346 S.W.3d 445, 454-5 (Tenn. 2011); Patrick Williams v. State, No 01C01-9506-CR-00190, 1996 WL 233982, at *5 (Tenn. Crim. App. May 9, 1996).

We, therefore, conclude that the trial court properly denied the Petitioner's motion.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court denying the Petitioner's motion.

_____
ALAN E. GLENN, JUDGE