IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2022

## MICHAEL WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 2021-CR-94     A. Blake Neill, Judge**
_____

### No. W2021-01493-CCA-R3-HC
_____

The *pro se* petitioner, Michael Williams, appeals the denial of his petition for writ of habeas corpus by the Hardeman County Circuit Court, arguing the trial court erred in summarily dismissing his petition because his sentence is illegal.  After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR. and TOM GREENHOLTZ, JJ., joined.

Michael Williams, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

After being convicted of rape by a Shelby County jury in 2001, the trial court sentenced the petitioner, as a Range III, violent offender, to thirty years' incarceration to be served at 100%.  This Court affirmed the petitioner's conviction on direct appeal and denied his subsequent petition for post-conviction relief.  *State v. Michael Williams*, No. W2001-01925-CCA-R3-CD, 2002 WL 1349520, at *7 (Tenn. Crim. App. June 20, 2002), *no perm. app. filed*; *Michael Williams v. State*, No. W2005-01810-CCA-R3-PC, 2006 WL 3371404, at *5 (Tenn. Crim. App. Nov. 20, 2006), *perm. app. denied*, (March 19, 2007).

The petitioner filed his first petition for writ of habeas corpus in 2013, "alleging that the 2001 judgment is void because he was sentenced as a career offender."  *Michael*

*Williams v. Michael Donahue*, No. W2013-02146-CCA-R3-HC, 2014 WL 4244034, at \*1 (Tenn. Crim. App. Aug. 27, 2014). Upon its review, the habeas court dismissed "the petition without a hearing after determining that [the] [p]etitioner's sentence had not expired." *Id.* The petitioner appealed, and this Court affirmed the denial of the petition. *Id.* at \*2. In denying relief, we summarized the petitioner's argument and resolved the issue, as follows:

> [The] [p]etitioner insists that he was sentenced as a career offender and his prior convictions do not qualify him as such. When examining the judgment form, it appears that the box for career offender was initially checked by the trial court and then scratched out. The box indicating [the] [p]etitioner was a violent offender was also checked. Thus, the record in this case indicates, contrary to [the] [p]etitioner's assertion, that [the] [p]etitioner was sentenced as a violent offender. Moreover, nothing in this Court's prior opinions supports the conclusion that [the] [p]etitioner was sentenced as a career offender, and [the] [p]etitioner did not include a copy of his sentencing hearing. It is our view that any perceived error by the trial court in scratching out the box for career offender does not entitle [the] [p]etitioner to habeas corpus relief because it can be classified as a clerical error as opposed to a void judgment. Clerical errors are not appropriately resolved via the writ of habeas corpus and can be corrected by the court of conviction at any time. They do not render a judgment void for purposes of habeas corpus relief. [The] [p]etitioner is not entitled to relief on this issue.

*Id.* (internal citations omitted).

Subsequently, the petitioner filed a Rule 36.1 motion to correct an illegal sentence. In his motion, the petitioner challenged "his classification as a Range III, violent offender" and argued "that the trial court failed to merge six of his nine prior felonies into one conviction under the '24-hour rule.'" *State v. Michael Williams*, No. W2015-00662-CCA-R3-CD, 2016 WL 1385613, at \*1 (Tenn. Crim. App. Apr. 6, 2016), *no perm. app. filed*. The trial court summarily dismissed the motion, and we affirmed the dismissal on appeal. In doing so, we noted the petitioner was properly sentenced, stating:

> As a Range III, violent offender convicted of rape, a class B felony, the [p]etitioner was subject to a sentence range of not less than twenty (20) nor more than thirty (30) years of incarceration. The [p]etitioner's thirty-year sentence does not exceed the statutory maximum available for a Range III offender convicted of a class B felony. Although the [p]etitioner may have contested the propriety of his offender classification on direct appeal, Rule

- 2 -

36.1 is not an alternative mechanism to challenge the findings of the trial court.

*Id.* at *2 (internal citations omitted).

Following the denial of his Rule 36.1 motion, the petitioner filed the present petition for writ of habeas corpus on October 4, 2021. In the petition, the petitioner asserted that his sentence is illegal because the trial court improperly sentenced him as a career offender and failed to merge his prior felonies into one conviction under the 24-hour rule. The petitioner also asserted that the October 4, 2021, petition was his first application for the writ. The habeas court summarily denied the petition after finding the petitioner failed to meet the procedural requirements for relief, stating:

> The [c]ourt denies the [p]etitioner's writ pursuant to Tennessee Code Annotated 29-21-107(b)(4). This is not the [p]etitioner's first application for the writ, yet [the] [p]etitioner failed to disclose any prior application or attach a copy of his prior petition. Here, the [p]etitioner states in his [p]etition "that he has not raised any of these grounds in any prior habeas corpus petition." [] Yet [the] [p]etitioner filed a previous writ for habeas corpus relief in Hardeman County in 2013 under docket No. CC-13-CR-143. And because the provisions of section 29-21-107 are mandatory when filing a petition of habeas corpus, [the] [p]etitioner's petition is hereby dismissed due to [the] [p]etitioner's failure to comply with the statute.

After the summary dismissal, the petitioner filed a timely, pro se appeal. On appeal, the petitioner asserts that the habeas corpus court erred by summarily dismissing the petition because his sentence is illegal and that he should have been notified by the clerk of the court that he failed to comply with the statute. The State asserts the habeas court properly dismissed the petition, and we agree.

It is well-settled that habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial

court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Pertinent to this appeal, Tennessee Code Annotated section 29-21-107 requires that the petition shall state "[t]hat it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

The appellate record makes clear the petitioner has failed to satisfy the procedural requirements necessary for habeas corpus relief. The petitioner filed an initial petition for writ of habeas corpus in 2013. The 2013 writ was summarily dismissed, and this Court affirmed the dismissal on appeal. *Williams*, 2014 WL 4244034, at *2. The petitioner then filed a second petition for writ of habeas corpus on October 4, 2021, wherein he alleged "that he has not raised any of these grounds in any prior habeas corpus petition." As noted, "if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). Here, the petitioner failed to attach a copy of the 2013 petition or the "proceedings thereon" to his second application, and he provided no explanation for the same. *Id.* We, therefore, conclude that the habeas court's summary dismissal of the petition was proper, and the petitioner is not entitled to relief from this Court.

Additionally, the petitioner has failed to show by a preponderance of the evidence that the judgment at issue was void or that his sentence has expired. On appeal, the petitioner continues to argue that his sentence is illegal because the trial court improperly sentenced him as a career offender. However, this Court reviewed this allegation on several occasions including in the petitioner's initial petition for habeas corpus relief and his prior Rule 36.1 motion. Each time, this Court found the petitioner's claims had no merit as the petitioner was correctly sentenced as a violent offender. *Williams*, 2014 WL 4244034, at *2; *Williams*, 2016 WL 1385613, at *2; *see George Hardin v. State*, No. E2014-01458-CCA-R3-HC, 2015 WL 5121381, at *4 (Tenn. Crim. App. Aug. 31, 2015) (affirming a habeas court's denial of relief "[b]ecause the facts presented in the first habeas corpus petition and the present petition were the same and because the [p]etitioner's issue was necessarily decided in that first habeas corpus appeal, we conclude that his issue was previously determined."). The petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the

finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
J. ROSS DYER, JUDGE